[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #101
The plaintiff, George Marom, filed a five-count complaint against the defendant, Howard B. Sosin. Marom alleges as follows: that he is a personal trainer who was employed by Sosin to train Sosin, Sosin's wife and two children. In exchange for his services and for foregoing other clients, Marom was given a position at Sosin's business and promised lifetime employment, as well as a three year sabbatical to write a fitness book. Although this was a salaried position, Marom also trained the Sosins at the Sosin home for no additional payment. When Sosin's business ceased to exist, Marom was left without employment, despite the oral representations made by Sosin. Marom alleges causes of action sounding in breach of implied contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, promissory estoppel and quantum meruit.
Sosin now moves to strike count two of Marom's complaint on the ground that Marom has failed to allege that Sosin violated an important public policy. Marom argues that there is no need to allege such a claim, since this is not a wrongful termination case, but rather a breach of contract case. The matter was heard by the court on August 24, 1998. CT Page 10617
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Gupta v. New Britain General Hospital, 239 Conn. 574,598, 687 A.2d 111 (1996). In the context of employment contracts, however, the reason for the discharge must involve an impropriety derived from some important public policy. Magnan v. AnacondaIndustries, Inc., 193 Conn. 558, 572, 479 A.2d 781 (1984).
Marom has alleged in count one, and incorporated into count two, that "Sosin breached his oral promises regarding lifetime employment and a three year sabbatical" and refers to "the breach of his employment." (Complaint, count one ¶ 39). Although count two refers only to a breach of an implied contract, it is clear from the first thirty-nine counts in the complaint that the contract was one of employment. Marom has failed to allege, however, that his discharge violated an important public policy. Accordingly, Sosin's motion to strike count two is granted.
THOMAS NADEAU, J.